## Gilson v. Twin Trailer Sales of Sharon, Inc.

*Archie O. Wallace,* for plaintiff.

*David K. Lewis,* for defendant.

STRANAHAN, P.J., November 5, 1971.—This is an action in assumpsit in which plaintiff alleges that he purchased a mobile home from defendant, and that he received delivery of the mobile home and paid the purchase price which was $6,028.68. Plaintiff has never received documents of title pertaining to the mobile home which he purchased from defendant and, according to the complaint, has made numerous and

repeated demands upon defendant to furnish him with the required documents of title.

The complaint further alleges that defendant, through its agents, servants and employes from April 30, 1969, to the present time repeatedly assured him that he would receive a title to the mobile home, but no title has been forthcoming.

The complaint further alleges that plaintiff has demanded that defendant return the purchase price and that he, the plaintiff, will return the mobile home, but this defendant has refused to do.

It is plaintiff's position, as the court understands it, that he has rescinded the contract, and that this suit is an effort by him to recover the purchase price from defendant.

Defendant has filed a preliminary objection which he labels as a motion to strike off complaint. In this pleading, he raises a number of matters of a technical nature which he contends supports his motion to strike the complaint.

The first contention is that the complaint does not comply with Pennsylvania Rule of Civil Procedure 1019(h), which provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so the pleader shall attach a copy of the writing, or the material part thereof . . ."

Defendant argues that the complaint states that the parties did "execute a purchase agreement," and, therefore, this agreement does indicate a writing which defendant contends shall be attached to the complaint in order to comply with Pa. R. C. P. 1019(h).

This would be true if plaintiff were relying on the writing as a basis of his recovery, but that is not the issue here. Plaintiff is not seeking damages for breach

of contract, but, on the other hand, is seeking a rescission of the contract itself. Therefore, the terms of the contract under this situation are probably irrelevant, since plaintiff is asking the court to relieve him of any obligations that he may have as a result of his agreement with defendant.

We, therefore, hold that rule 1019(h) does not require the attachment of the agreement unless it is relied upon as an element of the case.

Defendant next sets forth the fact that plaintiff did not in his pleadings indicate when he made demands upon defendant or the names of persons upon whom he made such demands, and the date of and the names of persons who made assurances to plaintiff that they would provide him with title to the trailer.

While there is some authority that when an action is commenced against a corporation the complaint should name the persons who acted on behalf of the corporation or should set forth the authority that these persons had; however, there is also authority that if plaintiff does not have that knowledge, it is sufficient to aver the circumstances of the contract, and a general averment that defendant acted by its servants, agents and employes is sufficiently specific: Kline v. Baum, 25 Northumb. Leg. J. 228 at 231; Plastics Manufacturing Co. v. Markman-Brown, Inc. 4 Lycoming Rptr. 227.

It would also appear that the need to allege the name or position of the employe dealt with is not imperative when defendant is a small corporation employing a few persons and having only one business location.

We, therefore, conclude that plaintiff's complaint should not be stricken for failing to state specific names of persons with whom he dealt or specific times

of dealing, other than the time of the principal transaction at issue.

The final allegation that the complaint fails to allege when and by what means plaintiff has attempted to rescind the contract would be a matter of evidence which can be produced at the time of trial. Also the question of whether or not the contract was rescinded may be the ultimate issue in the case and this matter will be determined as the result of the trial of the case.

We, therefore, conclude that the motion to strike off the complaint must be refused.

Defendant has also filed a preliminary objection in the nature of a demurrer in which he alleges that the complaint does not state a valid cause of action.

Plaintiff bases his claim on the Uniform Commercial Code, section 2-312, 12A PS 2-312, which provides, in part, as follows:

". . . there is in a contract for sale a warranty by the seller that (a) the title conveyed shall be good, and its transfer rightful; and (b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge."

The complaint further alleges that under The Vehicle Code, 75 PS §201 a, it provides:

"No person who is a resident of this Commonwealth shall own a . . . trailer . . . unless a certificate of title therefor shall have been obtained as provided in this act."

Plaintiff further contends that it is the responsibility of the seller or dealer to provide the purchaser with the title under The Vehicle Code, 75 PS §207.

Plaintiff contends that the failure to provide him with a title to the trailer for a period in excess of two years has placed him in a position where he cannot

sell the trailer, and he is subject to dispossession if someone should appear with the lawful title to this mobile home.

This, plaintiff contends is an action on the part of the seller which substantially impairs the value of the mobile home and, therefore, is of sufficient consequence to warrant plaintiff rescinding the entire contract rather than suing for a breach of contract.

Defendant argues that the Uniform Commercial Code, 12A PS §2-608, does away with the right of rescission which formerly existed under the Uniform Sales Act and created a new remedy designated as revocation of acceptance. Defendant further argues that in order for plaintiff to revoke acceptance, he must do so within a reasonable time after discovering the necessary grounds for such action and before any substantial change in the condition of the goods occurred which were not caused by their own defects.

We interpret section 2-608 to permit a buyer to revoke his acceptance of a mobile home if no title is provided, and further if the revocation of acceptance complies with the conditions contained in the section authorizing such action.

Whether revocation occurred within a reasonable time and before any substantial change in the condition of the goods are matters which may be questions for the jury to decide at the time of trial, and are certainly not matters for this court to decide on a preliminary objection in the nature of a demurrer. It could be that such a decision might be made on a motion for a summary judgment if there were depositions and affidavits taken in the case, but on the bare pleadings we must hold that plaintiff has set forth a good cause of action.

We further hold that whether plaintiff chooses to term his remedy a rescission or a "revocation of ac-

ceptance" is immaterial, because the facts must support the remedy and the mere fact that plaintiff calls his remedy a rescission does not prevent the court from considering it a revocation of acceptance if the facts support this remedy.

## ORDER

And now, November 5, 1971, the preliminary objections of defendant in the nature of a motion to strike off a complaint and in the nature of a demurrer are refused.